UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES K. DAVIS,

        Petitioner,

v.                                                          Case No. 1:04-cv-294

                                                                 Hon. Wendell A. Miles

KURT JONES,

        Respondent.
                                                   /

OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        This matter is before the court on Petitioner James K. Davis's Objection to United States Magistrate Judge Hugh W. Brenneman, Jr.'s Report and Recommendation (R&R) dated July 3, 2007, which recommended Petitioner's petition for writ of habeas corpus be denied because the grounds he raises for habeas relief are procedurally defaulted. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the magistrate judge's report and recommendation.

        This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

        Petitioner was convicted of manslaughter as a fourth offender and possession of a firearm during the commission of a felony. He was sentenced to a term of incarceration of twenty to sixty years on the manslaughter conviction and two consecutive years on the firearm conviction.

The Michigan Court of Appeals and the Michigan Supreme Court affirmed his conviction. Petitioner filed a motion for relief from judgment under MCR 6.500, raising three claims for relief. The trial court denied the motion, finding that the grounds raised could have been raised on direct appeal, thereby precluding relief under MCR 6.508(D)(3). Further, without discussion, the court concluded that each claim lacked merit. Both the Michigan Court of Appeals and the Michigan Supreme Court denied his application for leave to appeal because he failed to establish entitlement to relief under MCR 6.508(D).

In his petition for writ of habeas corpus, Petitioner raises the three grounds for relief which he raised in his motion for relief from judgment: (1) Petitioner was denied due process because of the systematic exclusion of African-Americans from his venire panel; (2) Petitioner was deprived of his First and Sixth Amendment rights when the prosecutor argued that Petitioner was not credible because his stated religious beliefs were not sincere, and defense counsel failed to object and (3) Petitioner was deprived of his Sixth Amendment right to a fair trial when the prosecutor's elicited testimony that indicated while Petitioner was in pretrial detention he consulted with a "jailhouse lawyer." The magistrate judge found that Petitioner's claims are procedurally defaulted, and that he failed to establish cause for the default or demonstrate that the court's failure to review his claims would result in a fundamental miscarriage of justice. Petitioner argues that his claims are not procedurally defaulted, and that he raised more claims than those addressed by the magistrate judge.

Procedural default

Petitioner raised his three claims in his motion for relief from judgment under MCR 6.500, which the magistrate found were procedurally defaulted. Petitioner contends that the

Sixth Circuit held in Abela v. Martin, 380 F.3d 915 (6th Cir. 2004), that MCR 6.508(D) is not a valid procedural bar. Rule 6.508 provides that the court may not grant relief if the defendant (1) seeks relief from a judgment still subject to appeal, (2) alleges grounds that were decided against the defendant in a prior appeal, or (3) alleges grounds for relief which could have been raised on direct appeal unless the defendant shows good cause for failing to raise the issue earlier and prejudice from the alleged irregularities that support his claim. MCR 6.508(D)(1), (2) and (3). The Abela Court found that where the Michigan Supreme Court references only MCR 6.508(D) as a basis for denying leave to appeal, that reference, without more, is not sufficient to establish that the Court denied leave to appeal based upon procedural grounds. Abela, 380 F.3d at 922. In Abela, both the trial court and the Michigan Court of Appeals addressed the merits of the petitioner's claims and denied his motion for lack of merit on the grounds presented. The Sixth Circuit stated:

> we cannot find that MCR. 6.508(D)(3), the state procedural rule urged by Respondent, was actually relied on by the Michigan Supreme Court in this case. For the same reasons, we cannot find that MCR.6.508(D)(3) constitutes an adequate and independent basis for the state supreme court's decision **here**.

Abela, 380 F.3d at 924 (emphasis added). The Abela court, however, recognized that where other "clarifying indicators" demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to MCR 6.508(D), federal habeas review may be barred. Id. at 923-24. Other "clarifying indicators" include where state courts below the supreme court specifically invoke a procedural bar. Id. This is consistent with Sixth Circuit holdings making it clear that the Michigan Supreme Court's invocation of MCR 6.508(D) in denying leave to appeal constitutes an adequate, implicit invocation of the specific

3

procedural bar of whichever subsection of MCR 6.508(D) applies.  See Hicks v. Straub, 377 F.3d 538, 557 (6th Cir. 2004); Burroughs v. Makowski, 282 F.3d 410, 413 (6th Cir. 2002); Simpson v. Jones, 238 F.3d 399 (6th Cir. 2000).  In the instant case, the trial court specifically invoked MCR 6.508(D)(3) in denying Petitioner relief,  which constitutes a "clarifying indicator" that the Michigan Supreme Court rested its decision on a state procedural bar although it referred only to MCR 6.508(D).

Additional claims

Petitioner filed a petition for habeas corpus in this court in 2002, which he later moved to dismiss in order to exhaust his remedies available in state court. The court granted the motion, and the case was dismissed.  See Davis v. Jones, No. 1:02-cv-105, docket #34 (W.D. Mich. Sept. 27, 2002).  Petitioner then filed his motion for relief from judgment in the state trial court.  After the trial court denied the motion, and the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal, on April 28, 2004, Petitioner filed the present habeas case presenting only the three issues that he had raised in his motion for relief from judgment.  He now argues that, in addition to the three claims raised in his motion for relief from judgment, he is also raising the claims he raised in his earlier petition.  He states that he assumed he did not have to refile the issues contained in his original petition and suggests that he be permitted to amend his petition to include the previously raised claim under Federal Rule of Civil Procedure 15(a).

Petitioner's earlier petition was dismissed, and, despite his erroneous assumption, the claim he raised in that petition are no longer before the court.  The Respondent in this case addressed only the claims raised in the present petition, which should have alerted Petitioner that

they were the only claims before the court. A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 allows a party to amend its original pleading "when justice so requires." FED. R. CIV. P. 15(a). An amended pleading relates back to the original pleading when the asserted claims in the amended pleading arose from the same "conduct, transaction, or occurrence" set forth in the original pleading. FED. R. CIV. P. 15(c). Here, the original pleading that Petitioner seeks to amend is the petition now before the court. The claims Petitioner seeks to add by amendment would relate back to the present petition only if they relate to the "conduct, transaction, or occurrence" set forth in the petition which commenced this case. The United States Supreme Court has rejected the argument that "conduct, transaction, or occurrence" should be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. Mayle v. Felix, 545 U.S. 644, 661 (2005). Relation back is permitted "only when the claims added by the amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate "both in time and type" from the originally raised claims. Id. at 657. "An amended habeas petition ... does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." It is not enough that the newly asserted claims "relate to the same trial, conviction, or sentence as a timely filed claim ...." Id. at 662-63.

In Petitioner's 2002 petition for habeas relief he claimed that he was denied due process (1) when the prosecutor shifted the burden of proof to defendant in his closing argument, (2) when the prosecutor argued misleading facts, not evidence, to the jury, and (3) the prosecutor engaged in repeated instances of misconduct. These claims are distinct from the claims raised in

5

the present petition, unrelated in time and type and supported by different facts than the original claims, and, therefore, would not relate back under FED. R. CIV. P. 15(c).  Because, the proposed claims are now barred by the one-year statute of limitations governing habeas cases, amending the petition to include these claims would be futile.  It is proper to deny leave to amend when the proposed amendments would be futile.   Brumbalough v. Camelot Care Centers, 427 F.3d 996, 1001 (6th Cir. 2005).

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #45), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #40), and DISMISSES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 26th day of September, 2007.

      /s/ Wendell A. Miles
     Wendell A. Miles
     Senior U.S. District Judge